**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

MARCUS DELANEY GLOVER                     CRIMINAL ACTION NO. 25-00332

VERSUS                                                    JUDGE S. MAURICE HICKS, JR.

STATE OF LOUISIANA                            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Notice of Removal filed by Marcus Delaney Glover ("Glover"),

who seeks to remove his pending state criminal prosecution to this Court under 28 U.S.C.

§ 1443. See Record Document 1. For the reasons explained below, this matter must be

**REMANDED** to the Shreveport City Court.

**FACTUAL BACKGROUND**

Glover is currently facing state criminal charges in Shreveport City Court, as

reflected in the Notice of Removal. See id. Glover asserts various constitutional violations

as the basis for removal, including alleged violations of the Fifth and Sixth Amendments,

civil rights protections, and 42 U.S.C. § 1983. See id. However, Glover does not identify

any racial equality based civil rights violations or reference any state law that would

preclude the state courts from hearing his constitutional claims.

**LAW AND ANALYSIS**

Although no party has filed a motion to remand, a district court has an independent

obligation to examine its own jurisdiction at all times. When a court determines that

subject matter jurisdiction is lacking, it must remand. Congress expressly provides that

"[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that

removal should not be permitted, the court shall make an order for summary remand." §

1455(b)(4).

Removal of a state criminal prosecution under § 1443(1) is permitted only in limited

circumstances. A defendant must satisfy a two-prong test:

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality." … Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." This provision normally requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case."

Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S.

780, 792, 799, 803 (1966). The Court further stated that "[c]laims that prosecution and

conviction will violate rights under constitutional or statutory provisions of general

applicability or under statutes not protecting against racial discrimination, will not suffice."

Johnson, 421 U.S. at 219.

Here, Glover does not allege any denial of rights related to racial equality.

Additionally, Glover does not point to any law that would preclude the state court from

considering his constitutional objections. Accordingly, Glover cannot meet the removal

requirements of § 1443(1), and this matter is **REMANDED** to the Shreveport City Court.

The Court notes that even if the requirements of § 1443 were not met, this Court

would nevertheless be required to abstain under Younger v. Harris. See 401 U.S. 37

(1971). Federal courts must abstain from interfering in ongoing state criminal

prosecutions "when three conditions are met: (1) the federal proceeding would interfere

with an 'ongoing state judicial proceeding'; (2) the state has an important interest in

regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate

opportunity in the state proceedings to raise constitutional challenges.'" All Am. Check Cashing, Inc. v. Corley, 191 F. Supp. 3d 646, 655 (S.D. Miss. 2016), aff'd, 671 Fed. Appx. 275 (5th Cir. 2016) (citing Bice v. Louisiana Pub. Def. Bd., 677 F.3d 712, 716 (5th Cir. 2012)). All three conditions are met here. Glover's prosecution is ongoing in the Shreveport City Court; Louisiana has a paramount interest in enforcing its criminal laws; and Glover identifies no state law or procedural bar that prevents him from presenting his constitutional claims to the city court judge. Because Glover can raise all of his objections in the state proceeding, abstention would independently require remand.

**CONCLUSION**

Accordingly,

This matter is **REMENDED** to the Shreveport City Court, pursuant to 28 U.S.C. § 1455(b)(4).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of December, 2025.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE
